# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

FERRIS HADDAD,

          Plaintiff,

v.

INTERSTATE MANAGEMENT
COMPANY, LLC, *et al.,*

          Defendant.

2:11-cv-01265-PMP -VCF

**O R D E R**

Before the court is plaintiff Ferris Haddad's Motion To Compel/Noodge Defendants To Respond To Plaintiff's Interrogatories and Requests For Production Of Documents. (#19). Oppositions were due on January 29, 2012. No oppositions were filed.

**Background**

The present action was removed to this court by Marriot International, Inc., Interstate Management Company, LLC, and Interstate Hotel and Resorts, Inc. on August 4, 2011, pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. (#1). Plaintiff Haddad filed his amended complaint on October 13, 2011, asserting a claim for (1) negligence/breach of contract against Marriot International, Inc., Interstate Management Company, LLC, Interstate Hotel and Resorts, Inc. and Jackson-Shaw Paradise Las Vegas Limited Partnership/Jackson-Shaw Paradise Las Vegas II Limited Partnership (hereinafter "Hotel defendants"), and a claim for (2) negligence/breach of contract/products liability against Universal Mobility Equipment, LLC (hereinafter "Universal Mobility"). (#10). Plaintiff Haddad's claims arise from an incident that occurred while plaintiff Haddad was a guest at the Renaissance Las Vegas Hotel, where plaintiff's head was struck by a wall-mounted headboard when it fell from the wall. *Id.*

. . .

**Motion To Compel/Noodge (#19)**

On October 4, 2011, plaintiff Haddad served his first set of interrogatories and request for production of documents on the Hotel defendants. (#19-1 Exhibit 1). The Hotel defendants did not provide any responses to the requests. (#19). On November 21, 2011, defendant Universal Mobility filed an answer to the amended complaint (#16), asserting several affirmative defenses and a cross-claim against the Hotel defendants. Plaintiff Haddad filed the instant motion to noodge on January 12, 2012. (#19). Oppositions were due on January 29, 2012. Hotel defendants did not file an opposition, and filed their answers to the amended complaint on January 26, 2012 (#21 and #22), and on January 27, 2012 (#23).

In the instant motion to compel/noodge, plaintiff Haddad asks this court to "noodge these [Hotel] defendants to answer" plaintiff's written discovery and to "rule that these [Hotel] defendants have waived their objections because they did not timely respond to discovery." (#19). Plaintiff's counsel asserts that pursuant to Local Rule 26-7, he has had several telephone and email conversations with counsel for the Hotel defendants, Jim Carraway, in a "good faith effort to resolve the matter," but that the attempts have been unsuccessful. (#19-1 Exhibit 4 Counsel's Affidavit).

Federal Rule of Civil Procedure 33 requires the responding party to serve its answers or any objections within 30 days after being served with written interrogatories, unless the parties have stipulated or the court has ordered a longer or shorter time period. Fed. R. Civ. P. 33(a) and (b)(2). Rule 34 permits each party to serve the opposing party with document requests, and states that the party "to whom the request is directed must respond in writing within 30 days after being served," unless the parties stipulate or the court permits a shorter or longer time period. Fed. R. Civ. P. 34(a) and (b)(2)(A). "If a party fails to file timely objections to [discovery] requests, such failure constitutes a waiver of any objections which a party might have to the requests." *Ramirez v. County of Los Angeles,* 231 F.R.D. 407, 409 (C.D. Cal. 2005)(quoting *Krewson v. City of Quincy,* 120 F.R.D. 6, 7 (D. Mass 1988)); see also *Richmark Corp v. Timber Falling Consultants,* 959 F.2d 1468, 1473 (9th Cir. 1992)(holding that the

"failure to object to discovery requests within the time required constitutes a waiver of any objection."). Pursuant to Rule 37(a)(3)(B)(iii) and (iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33" or "fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).

Plaintiff Haddad served the Hotel defendants with his written discovery requests on October 4, 2011. (#19-1 Exhibit 1). Pursuant to Rules 33 and 34, the Hotel defendants were required to respond to the written requests within thirty (30) days from October 4, 2011. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). In a letter dated November 1, 2011, the parties agreed to "a ten (10) day extension, up to and including November 12, 2011, to respond" to plaintiff's requests. (#19-1 Exhibit 2). The Hotel defendants have not responded to the requests. (#19-1 Exhibit 4). Plaintiff Haddad filed the present motion pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) on January 12, 2012. (#19).

As the Hotel defendants have completely failed to respond to the discovery requests, and have not filed an opposition[1] to the instant motion providing the court with any explanation for their failure, plaintiff Haddad's motion to compel is granted. Since the Hotel defendants did not timely object to any of the requests, the court finds that the Hotel defendants have waived "any objections they might have to the requests." See *Ramirez,* 231 F.R.D. at 409; *Richmark Corp,* 959 F.2d at 1473. Hotel defendants shall respond, without objection, to plaintiff Haddad's requests for production of documents and interrogatories (#19-1 Exhibit 1) by February 22, 2012.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff Ferris Haddad's Motion To Compel/Noodge Defendants To Respond To Plaintiff's Interrogatories and Requests For Production Of Documents (#19) is GRANTED.

---

[1] Pursuant to Local Rule 7-2(d), the "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

IT IS THEREFORE ORDERED that the Hotel defendants shall respond, without objection, to plaintiff Ferris Haddad's discovery requests by February 22, 2012.

DATED this 7th day of February, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**